IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAMERON POLK; KEITH EARNEST;
WALTER RIDDICK; FREDRICK WHITE;
REGINALD LANTERN; LEVEL WALLEY;
KEITH JOSEPH; WILLIE CRAFT;
JASON JIMISON; KENNETH BARRON;
JARED GEORGE; MICHAEL PURNELL;
JUSTIN ROLLINS; SCOTT DELOACH; KEITH LOTT;
JAMES MARTIN; BRYAN PHILLIPS; MICHAEL ROBBINS;
SCOTT CARNEGIE; JAMES SMITH; and
LISA CARNEGIE                                                                           PLAINTIFFS

v.                                              CIVIL ACTION NO.3:18cv382-DPJ-FKB

MAJOR CLAY BANE
In his individual and official capacity;
COLONEL CHRIS GILLARD,
In his individual and official capacity;
COMMISSIONER MARSHALL FISHER,
In his individual and official capacity;
LT. COL. RANDY GINN, In his individual and official Capacity;
and JOHN DOES 1-5
                                                                                        DEFENDANTS

AMENDED COMPLAINT
JURY TRIAL DEMANDED

COMES NOW, Plaintiffs, by and through undersigned counsel, and files this Complaint against Defendants, and as grounds states to the Court as follows:

I. PARTIES

1. Plaintiff Cameron Polk is an adult resident citizen of Lamar County, Mississippi who may be contacted through undersigned counsel.

2. Plaintiff Keith Ernest is an adult resident citizen of Itawamba County, Mississippi who may be contacted through undersigned counsel.

3. Plaintiff Walter Riddick is an adult resident citizen of Harrison County, Mississippi who may be contacted through undersigned counsel.

4. Plaintiff Fredrick White is an adult resident citizen of Desoto County, Mississippi who may be contacted through undersigned counsel.

5. Plaintiff Reginald Lantern is an adult resident citizen of Panola County, Mississippi who may be contacted through undersigned counsel.

6. Plaintiff Level Walley is an adult resident citizen of Wayne County, Mississippi who may be contacted through undersigned counsel.

7. Plaintiff Keith Joseph is an adult resident citizen of Jackson County, Mississippi who may be contacted through undersigned counsel.

8. Plaintiff Willie Craft is an adult resident citizen of Scott County, Mississippi who may be contacted through undersigned counsel.

9. Plaintiff Jason Jimison is an adult resident citizen of Kemper County, Mississippi who may be contacted through undersigned counsel.

10. Plaintiff Kenneth Barron is an adult resident citizen of Attala County, Mississippi who may be contacted through undersigned counsel.

11. Plaintiff Jared George is an adult resident citizen of Tishomingo County, Mississippi who may be contacted through undersigned counsel.

12. Plaintiff Michael Purnell is an adult resident citizen of Carroll County, Mississippi who may be contacted through undersigned counsel.

13. Plaintiff Justin Rollins is an adult resident citizen of Union County, Mississippi who may be contacted through undersigned counsel.

14. Plaintiff Scott Deloach is an adult resident citizen of Oktibbeha County, Mississippi who may be contacted through undersigned counsel.

15. Plaintiff Keith Lott is an adult resident citizen of Pearl River County, Mississippi who may be contacted through undersigned counsel.

16. Plaintiff James Martin is an adult resident citizen of Franklin County, Mississippi who may be contacted through undersigned counsel.

17. Plaintiff Brian Phillips is an adult resident citizen of Lincoln County, Mississippi who may be contacted through undersigned counsel.

18. Plaintiff Michael Robbins is an adult resident citizen of Green County, Mississippi who may be contacted through undersigned counsel.

19. Plaintiff James Smith is an adult resident citizen of Pearl River County, Mississippi who may be contacted through undersigned counsel.

20. Plaintiff Scott Carnegie is an adult resident citizen of Amite County, Mississippi who may be contacted through undersigned counsel.

21. Plaintiff Lisa Carnegie is an adult resident citizen of Amite County, Mississippi who may be contacted through undersigned counsel.

22. Defendant Clay Bane is a major within the Mississippi Highway Patrol who is sued in his capacity as an official and an employee of the State of Mississippi and the Department of Public Safety.

23. Defendant Chris Gillard is a colonel within the Mississippi Highway Patrol who is sued in his capacity as an official and an employee of the State of Mississippi and the Department of Public Safety.

24. Defendant Marshall Fisher is a commissioner over the Department of Public Safety who is sued in his capacity as an official and an employee of the State of Mississippi and the Department of Public Safety.

25. Defendant Randy Ginn is a lieutenant colonel within the Mississippi Highway Patrol who is sued in his capacity as an official and an employee of the State of Mississippi and the Department of Public Safety.

26. Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiffs for the claims asserted herein.  Plaintiffs will amend their Complaint once the identities of the unknown Defendants are learned.

## II. JURISDICTION AND VENUE

27. Venue and jurisdiction are proper in this Court because Defendants' are located and headquartered in Hinds County, Mississippi.

28. The State Defendants have consented to suit in this Court by removing the matter from state court to federal court.[1]

### III. FACTS

29. Plaintiffs are all officers and/or former officers/employees of the Motor Carrier Division of the Mississippi Highway Patrol, a subset of the Mississippi Department of Public Safety.

30. The Motor Carrier Division was established by and through Miss. Code Ann. § 77-7-16 as a division within the Mississippi Highway Patrol.

31. Since its inception, the Motor Carrier Division has been designated a Special Operations Division, wherein, officers are promoted by appointment, in a similar manner as officers within the governor's security detail.

32. The Motor Carrier Division is funded, almost entirely, by federal grant funds.

33. The rank and promotion system within the Motor Carrier Division was approved and ratified by the State of Mississippi and the Mississippi State Personnel Board through board action.

34. Each Plaintiff[2] transferred into the Motor Carrier Division based upon the rank structure and relying upon the designation of the Motor Carrier Division as a special operations division.

35. As a special operations division, the officers of the Motor Carrier Division are not required to participate in merit promotion testing as the Uniform Division which is comprised of troops around the state.

---

[1] *Union Pacific R. Co. v. Louisiana Public Serv. Com'n,* 662 F.3d 336, 340 (5th Cir.2011) (citing *Coll. Sav. Bank,* 527 U.S. at 675–76, 119 S.Ct. 2219).
[2] Excluding Lisa Carnegie

36. Each Plaintiff was promoted within the Motor Carrier Division and promised a PIN through the State of Mississippi to correspond with each Plaintiff's designated rank within the Motor Carrier Division.

37. Each Plaintiff was provided insignia to correspond with their designated rank and paid in accordance with their designated rank.

38. On or about October 3, 2017, the Plaintiffs made a complaint to the individual Defendants regarding the Defendants' failure to provide the Plaintiffs with PIN numbers to correspond with each Plaintiffs' designated rank, and complained about the State's failure to pay each Plaintiff in accordance with their designated rank.

39. When the Motor Carrier Division was formed, State PINs were created for use within the Motor Carrier Division. Upon information and belief, these PINs have been disseminated to persons outside of the Motor Carrier Division as an exercise of cronyism and misuse of government resources.

40. After the Plaintiffs began exercising their free speech rights and complaining about the Defendants' unlawful operation of the Motor Carrier Division and misuse of its federally funded resources, the individual Defendants began to retaliate against the Plaintiffs.

41. After making their first grievance, the Plaintiffs were stripped of their designated ranks and told that they would have to "test" through the merit-based promotions system used by the uniform patrol division.

42. The Plaintiffs were harassed and threatened by the individual Defendants after making their complaints to the individual Defendants.

43. The merit-based promotion structure within the Motor Carrier Division, upon information and belief, has not been approved or ratified by the State of Mississippi or the Mississippi State Personnel Board.

44. No hearings or due process was afforded to any Plaintiff before they were stripped of their appointed ranks.

45. After being stripped of their appointed ranks, the Plaintiffs, through merit-based promotion, will not be able to "test" for the ranks they currently hold within the Motor Carrier Division. Therefore, no officer currently within the Motor Carrier Division would be eligible to test for and be promoted to a supervisory position within the Motor Carrier Division.

46. Only persons outside of the Motor Carrier Division will be eligible to test for and be promoted to a supervisory position within the Motor Carrier Division, which requires extensive certifications and federal training.

47. In addition to retaliation for the Plaintiffs' initial grievance, the unlawful change to the Motor Carrier Division's rank structure is believed to based, at least in part, because of a desire to prevent officers from attaining new rank and because of nepotism and cronyism within the Department itself.

48. When the Plaintiffs' October 2017 grievance went unanswered by the Defendants, the Plaintiffs made a series of grievances up the chain of command, which led to additional retaliation by the Defendants.

49. After the grievances were filed, the individual Defendants and supervisors within the Department of Public Safety have threatened to disband the Motor Carrier Division altogether.

50. In addition, supervisors, at the request of the individual Defendants, began digging into and requesting performance records of the Plaintiffs in an effort to undermine their grievances and further prevent the Plaintiffs from seeking promotions.

51. Additionally, these Plaintiffs have been retaliated against and punished by the Department by being forced to travel around the state to be interrogated and lectured by their supervisors about the grievances.

52. When the officers met with supervisors in Jackson, Mississippi, the officers were not allowed to leave until all persons had been interrogated, and no breaks were allowed from 11 a.m. until after 7:00 p.m. on that same day.

53. Some officers even complained during the interrogations that they could not answer questions because they were not feeling well because they felt dehydrated and sick from not being able eat. These tactics are undeniably retaliatory in nature.

54. Despite additional grievances, the Defendants have taken no action to protect the Plaintiffs from unlawful retaliation.

55. The Plaintiffs have made grievances at all levels within the agency and the Mississippi State Personnel Board. Some grievances have not been responded to within any meaningful response. No action has been taken by the Defendants.

### IV. ALLEGATIONS OF LAW

56. All preceding paragraphs are hereby incorporated by reference.

57. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and the Department of Public Safety.

58. It is the custom and policy of all Defendants to violate the procedural and substantive due process rights of individuals.

59. It is the custom and policy of all Defendants to violate the equal protection rights of individuals.

60. It is the policy and custom of the Defendant to, in violation of Plaintiffs' rights, unlawfully interfere with Plaintiffs' rights.

61. Defendants have no reasonable cause to demote the Plaintiffs, except as means to unlawfully punish Plaintiffs.

62. Defendants' actions are in bad faith and were intended and designed to punish Plaintiffs.

63. At all times relevant to this action, Plaintiffs' rights were clearly established.

64. At all times relevant to this action, Defendants violated Plaintiffs' constitutional rights.

65. Defendants' actions evidence malice and/or constitute willful misconduct.

66. The individual Defendants are final policy makers and/or have been delegated final policy making authority regarding the subject of the Plaintiffs' complaints.

67. Alternatively, because liability in effect for issues of this kind, and because it is the intent of the Mississippi Legislature that the Defendants pay any claims for violation of a citizen's rights in damages under Mississippi Law, the doctrine of *Monell v. Department of Social Services*, 475 U.S. 335 (U.S. 1986), should not apply to this cause, and the Defendants should be held vicariously liable for its officials causing the civil liberty violations of Plaintiff.

### V. DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

68. All preceding paragraphs are hereby incorporated by reference.

69. Defendants have undertaken a course of action in violation of state and federal law.

70. Primarily, the Department of Public Safety and the Mississippi Highway Patrol have unilaterally and unlawfully altered the rank and promotion structure of the Motor Carrier Division of the Highway patrol.

71. The rank and promotion structure of the Motor Carrier Division was approved by the State of Mississippi and the Mississippi Personnel Board, upon information, in 2011.

72. The Defendants have, without lawful approval, attempted to alter the rank and promotion structure of the Motor Carrier Division. These changes have not been properly approved by either the State of Mississippi of the Mississippi Personnel Board.

73. Plaintiffs herein seek a declaratory judgment declaring the actions of the Defendants, as complained of herein, unlawful and contrary to state law.

74. The Plaintiffs herein further seek injunctive relief, enjoining the Defendants from implementing a merit based promotion structure without having said rank and promotion structure approved by the State of Mississippi and the Mississippi Personnel Board.

## VI. CAUSE OF ACTION – 42 U.S.C. § 1983 FREEDOM OF SPEECH

75. The individual Defendants have retaliated against the Plaintiffs for exercising their first amendment rights.

76. Immediately after making their first grievance, an exercise of a protected act under the 1st Amendment, the individual Defendants began to retaliate against the Plaintiffs, making threats of disbanding the motor carrier division and harassing and interrogating the Plaintiffs.

77. After engaging in the beforementioned protected free speech, the individual Defendants unlawfully altered the promotion and rank structure to prevent each Plaintiff from being eligible for promotion within the motor carrier division.

78. After engaging in the beforementioned protected free speech, each Plaintiff was stripped of his rank and demoted.

79. As a result of the individual Defendants' retaliatory acts, each Plaintiff has suffered an adverse employment action for exercising their first amendment rights.

80. The Plaintiffs seek injunctive relief only, restoring the rank and promotion structure within the motor carrier division and that the Plaintiffs' ranks and titles be restored.

### VII.     CAUSE OF ACTION – 42 U.S.C. § 1983
### FREEDOM OF SPEECH
### Scott Carnegie and Lisa Carnegie

81. All preceding paragraphs are hereby incorporated by reference.

82. Lisa Carnegie and Scott Carnegie are husband and wife.

83. After members of the Motor Carrier Division began making their complaints to the Defendants, Scott Carnegie was interrogated and ordered to put an end to the complaints being made by the other Plaintiffs.

84. Scott Carnegie was a captain and "director" over the entire Motor Carrier Division.

85. Scott Carnegie has served as Captain and has been apart of advertisements on behalf of the Motor Carrier Division as Captain.

86. Scott Carnegie, also a victim of the individual, in their individual capacities only, Defendants' actions alleged herein, refused to intervene and stop the other Plaintiffs from pursuing their grievances against the department and the state.

87. As a result of Scott Carnegie's refusal to violate the Plaintiffs' first Amendment rights, his wife, Lisa Carnegie, was unilaterally transferred by the individual Defendants to another position within the Department of Public Safety which required her to increase

her commute to work by approximately 500%, thereby forcing Lisa Carnegie to resign her position within the Department of Public Safety.

88. The transfer of Lisa Carnegie and her constructive discharge was purely retaliatory and intended to harm Scott Carnegie and Lisa Carnegie because of Scott Carnegie's refusal to violate his officer's first amendment rights.

89. The Plaintiffs herein seek injunctive relief, restoring Lisa Carnegie's prior position before she was constructively discharged because of her husband's refusal to violate the 1st Amendment rights of his officers.

### VIII.   CAUSE OF ACTION
### DUE PROCESS

90. All preceding paragraphs are hereby incorporated by reference.

91. Contrary to state and federal law, each Plaintiff has been denied process.

92. Each Plaintiff was demoted and stripped of their rank within the Motor Carrier Division and the Mississippi Highway Patrol without notice or an opportunity to be heard.

93. Further, the actions of the Defendants, as complained of herein, deprived the Plaintiffs of their substantive due process rights.

94. The Plaintiffs have a property interest in their rank and title within the department.

95. This court should grant the Plaintiffs their requested injunctive relief, restoring the Plaintiffs to their appointed ranks, which were taken without due process of law.

### IX.   CAUSE OF ACTION – 42 U.S.C. § 1983
### EUQAL PROTECTION

96. All preceding paragraphs are hereby incorporated by reference.

97. The actions of the Defendants, as complained of herein, have violated the Plaintiffs rights to equal protection under the law.

98. The Plaintiffs may be considered a "class of one" within the department of public safety and the Mississippi Highway Patrol.

99. The Plaintiffs have been denied equal protection under the law, wherein, the Plaintiffs have been denied the ability to transfer within the Mississippi Highway Patrol without the loss of rank. Presently, if a Motor Carrier Division officer transfers outside of the division, they would lose their rank. No other division of the Mississippi Highway Patrol has these same unlawful restrictions.

100. The Motor Carrier Division was created/authorized by the Mississippi legislature and the individual Defendants have sought to limit the authority and advancement opportunities of the Plaintiffs since its inception.

101. The Plaintiffs seek injunctive relief only, restoring the rank and promotion structure within the motor carrier division and that the Plaintiffs' ranks and titles be restored.

102. The Plaintiffs further seek injunctive and declaratory relief, declaring that the State's policy and refusal to allow the Plaintiffs to transfer within the Mississippi Highway Patrol without losing rank is a violation of the equal protection clause.

### X.  CLAIM FOR MALICIOUS INTERFERENCE INDIVIDUAL DEFENDANTS

103. All preceding paragraphs are hereby incorporated by reference.

104. The individual Defendants named herein have maliciously and intentionally interfered with the Plaintiffs' employment relationships with the State of Mississippi.

105. The individual Defendants became upset with the Plaintiffs for refusing to drop and forgo their grievances.

106.   The individual Defendants' actions evidence willful action in retaliation for the Plaintiffs' complaints and grievances within the Department of Public safety.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

107.   All preceding paragraphs are hereby incorporated by reference.

108.   Plaintiffs hereby apply for a Temporary Restraining Order and a Temporary Injunction pursuant to the Federal Rules of Civil Procedure.  As more specifically set forth below, unless Defendants and those persons acting in concert or participation with Defendants are ordered as follows, Plaintiffs will be irreparably harmed:

a.   Defendants be ordered to cease and desist from implementing a merit-based promotion and rank structure within the motor carrier division unless and until approved in accordance with state law;

b.   Defendants be ordered to restore each Plaintiff to their respective rank prior to making their initial grievance in October of 2017; and

c.   Defendants be ordered to allow each Plaintiff to be considered for a promotion in accordance with their ranks prior to October 2017.

109.   Plaintiffs requests that this preliminary injunction last until the final trial of this case, at which time Plaintiffs request that the injunction be made permanent.

110.   <u>Imminent harm</u>.  An application for injunctive relief must demonstrate that harm is imminent and not merely threatened. If Defendant is not restrained as requested hereinabove, the Plaintiffs will be permanently deprived of rank and advancement within the Mississippi Highway Patrol. Once the Defendants places persons from outside the Motor Carrier Division into supervisory positions, the Plaintiffs will be deprived of

advancement opportunities. Presently, no Plaintiff is "officially" eligible to become a supervisor based upon merit-based promotion.

111.    <u>Probable right of recovery</u>.  Imminent harm must arise from the violation of a substantial, legally cognizable right.

112.    <u>Irreparable injury.</u>  An applicant must also show that the injury is irreparable.  An injury is irreparable if it cannot be adequately compensated in damages, if the damages cannot be measured by any certain pecuniary standard, or if the Defendants are incapable of responding in damages.  Irreparable injury is a question of fact. If the injunctive relief is not granted, no Plaintiff will qualify for promotion and advancement and each Plaintiff's career within the Mississippi Highway will be stymied. Plaintiffs will be permanently deprived of rank and advancement within the Mississippi Highway Patrol. Once the Defendants places persons from outside the Motor Carrier Division into supervisory positions, the Plaintiffs will be deprived of advancement opportunities. Presently, no Plaintiff is "officially" eligible to become a supervisor based upon merit-based promotion.

113.    Inadequate remedy at law.  The Court must determine that no adequate remedy at law exists.  The inadequacy of the legal remedy and irreparable harm frequently coincide. The test is whether the legal remedy is as complete, practical and efficient to the ends of justice and its prompt administration as the equitable remedy. A remedy at law would be inadequate in the case at bar because damages would be difficult to calculate.

114.    Preservation of the status quo.  The basic purpose of temporary injunctive relief is to preserve the status quo, which is consistently defined as the last actual, peaceful, non-contested status between the parties.  The requested relief will preserve the status quo

because the Motor Carrier Division was one of the most efficiently operated divisions within the Mississippi Highway Patrol before the Defendants unilateral and unlawful actions.

115. Conclusion.  There is no remedy as adequate as having one's property rights preserved. It is also prudent to point out that Plaintiffs are not required to prove they will prevail at the final trial but need only show evidence tending to prove a probable right to recovery and a probable injury if the injunction is not granted.

## XI. DAMAGES

WHEREFORE, Plaintiff respectfully prays this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution;

3. Award appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiffs nominal damages for Defendants violation of their constitutional and statutory rights;

5. Award Plaintiffs compensatory damages against the individual Defendants for malicious interference, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

6. Award pre-judgment and post-judgment interest at the highest lawful rate;

7.  Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1983 and/or 20 U.S.C. sec. 1400 et seq.; and

8.  Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 1st day of August, 2018.

                                      **PLAINTIFFS**

                                      _/s/ Daniel M. Waide_
                                      DANIEL M. WAIDE, MSB #103543

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 582-4553
F: (601) 582-4556
dwaide@jhrlaw.net

## CERTIFICATE OF SERVICE

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

THIS the 1st day of August, 2018.

                                      _/s/Daniel M. Waide_
                                      DANIEL M WAIDE

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net